PAUL J. PASCUZZI, State Bar No. 148810
HOLLY A. ESTIOKO, State Bar No. 242392
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
hestioko@ffwplaw.com

Attorneys for Georgene Gassner

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THOMAS A. GASSNER,<br><br>         Debtor. | CASE NO. 10-27435<br>Chapter 7 |
| GEORGENE GASSNER, individually, as surviving spouse of Debtor Thomas Gassner and successor-in-interest, and in her capacity as Successor Trustee for the Thomas Gassner and Georgene Gassner Family Trust,<br><br>         Plaintiff,<br><br>vs.<br><br>CAROL L. GASSNER and ALFRED M. GASSNER, settlors of the THOMAS A. GASSNER TRUST dated December 30, 1992; and LAURA STROMBOM, trustee of the THOMAS A. GASSNER TRUST dated December 30, 1992,<br><br>         Defendants. | Adversary No. 19-02038<br><br>DCN: FWP-1<br><br>Date: December 12, 2019<br>Time: 11:00 a.m.<br>Place: 501 I Street, 6th Floor, Dept. E, Courtroom 33, Sacramento, CA 95814 |

**OMNIBUS REPLY TO OPPOSITIONS TO
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Georgene Gassner ("Plaintiff"), Plaintiff in the above-titled adversary proceeding, hereby submits the following omnibus reply (the "Reply") to the oppositions filed by Defendants Carol M.

-1-

1  Gassner and Alfred M. Gassner, Settlors of the Thomas A. Gassner Trust Dated December 30, 1992
2  ("Settlors") and Defendant Laura Strombom, Trustee of the Thomas A. Gassner Trust Dated
3  December 30, 1992 ("Strombom") to Plaintiff's Motion for Partial Summary Judgment ("Motion")
4  as to Count One [*Sanctions for Willful Violation of the Automatic Stay against Defendant Settlors*],
5  Count Two [*Sanctions for Willful Violation of the Automatic Stay against Defendant Strombom*],
6  Count Four [*Declaratory Relief against Defendant Settlors*], Count Five [*Injunctive Relief against
7  Defendant Settlors*], and Count Six [*Sanctions for Violation of the Discharge Injunction against
8  Defendant Settlors*] of her First Amended Complaint.

## I. INTRODUCTION

Plaintiff's Motion is straightforward. Settlors created an irrevocable Trust in December 1992 and named the Debtor as its sole beneficiary.[1] The Debtor filed a chapter 7 bankruptcy case in March 2010 and did not schedule his interest in the Trust. The Debtor's interest in the Trust constitutes property of the bankruptcy estate under Ninth Circuit law. Because the Debtor's interest in the Trust was not scheduled, that interest remained and continues to be property of the bankruptcy estate and subject to the automatic stay.

Under the express terms of the Trust, the Debtor was to receive the Trust Assets when he turned 50 on July 2, 2016. However, shortly before the Debtor's 50th birthday, without obtaining relief from the automatic stay, Strombom sought to sell the Trust Assets and Settlors filed and prosecuted the Petition for Modification in State Court. In addition, Strombom has failed to turn over the Trust Assets to the Debtor's bankruptcy estate after the Debtor turned 50, as required by the Bankruptcy Code. Each of these actions violated Bankruptcy Code section 362(a)(3), as each sought to obtain possession of property of the estate or from the estate or exercise control over property of the estate. Plaintiff has demonstrated that both Strombom and Settlors had knowledge of the Debtor's bankruptcy estate when they took their respective actions against property of the estate and partial summary judgment should be entered in favor of Plaintiff as requested in the Motion.

The oppositions of Settlors and Strombom should both be overruled because: (a) Plaintiff

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Motion.

has standing to pursue her violation of stay claims; (b) the Debtor's interest in the Trust was, and continues to be, property of the bankruptcy estate; (c) the actions of Settlors and Strombom were against property of the estate and violated the automatic stay; (d) Strombom was required to turnover property of the Trust, especially after the Debtor's bankruptcy case was reopened; (e) there is no dispute of material fact that prevents this Court from granting partial summary judgment as requested in the Motion; and (f) the limited "probate exception" with respect to federal jurisdiction does not apply in this adversary proceeding. Each of these are addressed below.

**II.　REPLY TO LEGAL ARGUMENTS**

　　**A.　Plaintiff Has Standing to Pursue Her Violation of Stay Claims**

Settlors assert that Plaintiff's right to sue is "clouded and confused." Settlor's Opposition [Dkt. No. 68] at 9:7. However, it is Settlors who attempt to confuse this Court. As set forth in the Motion, Plaintiff has standing to bring her claims under two separate means. First, Plaintiff has standing to assert the claims in this adversary proceeding through the transfer of the bankruptcy estate's rights to seek damages for violation of the automatic stay (and related relief) to Plaintiff. *See* Memorandum or Points and Authorities in Support of the Motion [Dkt. No. 38] at 13:5-10. Second, Plaintiff is the successor to the Debtor's claims as the Successor Trustee to, and beneficiary of, the Family Trust. *Id*. at 13:11-28.

　　**B.　Debtor's Interest in the Trust Was, and Continues to Be, Property of the Bankruptcy Estate**

The oppositions of both Settlors and Strombom are premised on the assertion that the Debtor's interest in the Trust was not property of the estate. This assertion is contrary to Ninth Circuit authority. Under *Frealy v. Reynolds (In re Reynolds)*, 867 F.3d, 1119 (9th Cir. 2017), when the debtor is the beneficiary of a spendthrift trust, the bankruptcy estate is entitled to the full amount of spendthrift trust distributions due to be paid as of the petition date as well as 25 percent of expected future payment from the trust with certain restrictions. *Id*. at 1120. In so holding, the Ninth Circuit relied upon an opinion of the California Supreme Court, *Carmack v. Reynolds*, 2 Cal. 5th 844 (2017), addressing the question certified to it by the Ninth Circuit. Under *Carmack*, a bankruptcy trustee, like creditors, "must wait until the [spendthrift trust] trustee makes distributions

to the beneficiary[,]" but nothing in the *Carmack* opinion requires a bankruptcy trustee to abandon pursuit of funds from a spendthrift trust as such funds become due and payable under the trust instrument. *Carmack*, 2 Cal. 5th at 849. Consistent with *Carmack*, a bankruptcy estate is entitled to all trust assets if such a distribution is required under the applicable trust instrument while the beneficial interest in the trust remains property of the bankruptcy estate. As the California Supreme Court noted in *Carmack*, once principal amounts held in a spendthrift trust become due and payable under the trust instrument, "the beneficiary's interest in those assets has effectively vested, the law no longer has any interest in protecting them [,]" and such amounts can be paid to the beneficiary's creditors. *Carmack*, 2 Cal. 5th at 851.

Pursuant to Bankruptcy Code sections 554 and 362(c)(1), unscheduled property of a bankruptcy estate continues to be property of the bankruptcy estate despite the closing of the bankruptcy estate and the automatic stay continues to be in effect with respect to such property until the property is no longer property of the estate. *Sundquist v. Bank of Am., N.A. (In re Sundquist)*, 576 B.R. 858, 875 (Bankr. E.D. Cal. 2017), *aff'd sub. nom. Henderson v. Sundquist (In re Sundquist)*, 2019 Bankr. LEXIS 632 (B.A.P. 9th Cir. Feb. 27, 2019). *See also In re Dunning Bros.*, 410 B.R. 877, 879 & 888 (Bankr. E.D. Cal. 2009) (Case filed in 1936 reopened in 2009 to administer an undisclosed interest in real estate; title to unscheduled property does not revert to the debtor upon the closing of the case.).

Here, the Debtor did not list his interest in the Trust in his original schedules in March 2010. The bankruptcy trustee filed a Notice of Filing Report of No Distribution, the Debtor received his discharge, and the Debtor's bankruptcy case was closed on May 11, 2011. Because the Debtor's interest in the Trust was never disclosed, that interest was never administered in the case or abandoned back to the Debtor when the Debtor's bankruptcy case was originally closed. As a result, the Debtor's interest in the Trust remained property of the estate subject to the automatic stay pursuant to Bankruptcy Code sections 554 and 362(c)(1).

  **C.** **The Actions of Settlors and Strombom Were Against Property of the Estate and Violated the Automatic Stay**

Settlors assert that their actions in filing and prosecuting the Petition for Modification did

-4-  OMNIBUS REPLY TO OPPOSITIONS TO MOTION FOR PARTIAL SUMMARY JUDGMENT

not violate the automatic stay because such actions are permitted under California state law. *See generally* Settlers' Opposition at 12-14. However, Settlors are mistaken.

As discussed in Section II.C above, the Debtor's beneficiary interest in the Trust became property of his bankruptcy estate when the Debtor filed his voluntary chapter 7 bankruptcy petition on March 25, 2010, and has continued to be property of the estate since that time and subject to the automatic stay. The attempt by Settlors to modify the Debtor's beneficiary interest in the Trust through the filing and prosecution of the Petition for Modification was an attempt to obtain possession of property of the estate or from the estate or exercise control over property of the estate, namely to modify the Debtor's rights under the Trust, and violated the automatic stay.

Moreover, Settlors clearly knew of the filing of the Debtor's bankruptcy case when they filed the Petition for Modification, as the Debtor's bankruptcy case is referenced in that pleading. The filing of the Petition for Modification and all actions taken with respect to that matter are void ab initio. This Court should grant partial summary judgment against Settlors for their violation of the automatic stay in the filing and prosecution of the Petition for Modification.

Likewise, Strombom asserts that her actions did not violate the automatic stay because her acts were permitted under the Trust. Strombom also is mistaken. Strombom's active participation in the attempts to strip the Debtor (and his bankruptcy estate) of its interest in the Trust and the Trust Assets shortly before those assets were to be distributed to the Debtor and the Trust terminated was an attempt to obtain possession of property of the estate or from the estate or exercise control over property of the estate and violated the automatic stay.

**D. Strombom Was Required to Turnover Property of the Trust, Especially After Debtor's Bankruptcy Case Was Reopened**

Strombom asserts in her opposition that she did not violate the automatic stay by failing to turn over the Trust Assets because (1) no demand has been made to her and (2) she is precluded from making a further distribution from the Trust under an order related to the Petition for Modification. Strombom is mistaken.

First, under Bankruptcy Code sections 542 and 543, Strombom was required to turnover the Trust Assets to the bankruptcy estate, especially after Debtor reached the age of 50. *Cal. Emp't*

-5-

OMNIBUS REPLY TO OPPOSITIONS TO
MOTION FOR PARTIAL SUMMARY JUDGMENT

*Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir. 1996) (holding section 542(a) imposes a mandatory duty on an entity in possession of estate property to deliver that property to the trustee). Neither the Debtor nor the bankruptcy trustee were required to make a demand to Strombom for turnover of estate property.

Second, as set forth above, the Petition for Modification was filed in violation of the automatic stay. The filing of the Petition for Modification and all actions taken with respect to that matter, including the order prohibiting any distributions from the trust to the Debtor, are void ab initio. *Dunning Bros.*, 410 B.R. at 890 (acts taken in violation of the automatic stay are void ab initio, not merely voidable). Thus, the state court order did not preclude her from making further distributions to the Debtor as required under the Trust.

### E. There Is No Dispute of Material Fact Preventing Partial Summary Judgment as Requested in the Motion

Settlors assert that certain alleged post-petition actions of the Debtor create a material fact precluding partial summary judgment. Settlors are mistaken. Plaintiff's Motion is based on the fact that the Debtor's interest in the Trust constituted property of the estate (*see* Section II.B above) and Settlors' actions in filing and prosecuting the Petition for Modification sought to obtain possession of property of the estate or from the estate or exercise control over property of the estate. *See* Section II.C above. Settlors state that the Petition for Modification "is an action to correct an error in drafting to more properly reflect the settlor/defendants' intent" with respect to the Trust. Settlors' Opposition at 14:3-4. Any error in drafting with respect to the Trust existed since 1992. Moreover, Settlors could or should have known that the language of the Trust did not adequately reflect their intentions since at least 2007, when Settlors added restrictive language to a similar trust set up for their daughter Jennifer. To the extent the Petition for Modification relies on post-petition acts of the Debtor as a ground for reformation, section 362(a)(3) still precludes its filing.

### F. The "Probate Exception" with Respect to Federal Jurisdiction Does Not Apply to the Proposed Modification of the Trust

Finally, Settlors assert that this Court does not have the ability to determine whether Settlors should be able to modify the Trust as requested in their Petition for Modification. However, even

OMNIBUS REPLY TO OPPOSITIONS TO MOTION FOR PARTIAL SUMMARY JUDGMENT

under the authority cited by Settlors, this Court clearly has such jurisdiction. The probate exception to federal jurisdiction relied upon by Settlors is narrow. As stated by the United States Supreme Court in *Marshall (Stern) v. Marshall*, 547 U.S. 293 (2006):

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id*. at 311-12. The relief requested by Settlors in the Petition for Modification is not the probate or annulment of a will, the administration of a decedent's estate or the disposition of property that is in the custody of a state probate court – the three narrow areas subject to the probate exception to federal jurisdiction. Rather, Settlors seek to modify what is property of the estate – the Debtor's interest in a Trust. Such a determination can be made by this Court.

## III.　CONCLUSION

For the reasons set forth above, Plaintiff requests that the oppositions filed by Settlors and Strombom be overruled and an order of the Court granting summary judgment in favor of Plaintiff as to Count One [*Sanctions for Willful Violation of the Automatic Stay against Defendant Settlors*], Count Two [*Sanctions for Willful Violation of the Automatic Stay against Defendant Strombom*], Count Four [*Declaratory Relief against Defendant Settlors*], Count Five [*Injunctive Relief against Defendant Settlors*], and Count Six [*Sanctions for Violation of the Discharge Injunction against Defendant Settlors*]. Plaintiff requests that the Court find that the Plaintiff is entitled to actual damages, including costs and attorneys' fees, as well as punitive damages, with damages to be determined at trial.

Dated: November 27, 2019　　　　　　　　FELDERSTEIN FITZGERALD
　　　　　　　　　　　　　　　　　　　　WILLOUGHBY PASCUZZI & RIOS LLP

　　　　　　　　　　　　　　　　　　　　By:*/s/ Holly A. Estioko*
　　　　　　　　　　　　　　　　　　　　　　Holly A. Estioko
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Georgene Gassner